# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

WILLIS YAZZIE,

    Petitioner,

vs.                                                                                    No. 19-cv-869 MV/GBW

UNITED STATES OF AMERICA,

    Respondent.

## MEMORANDUM OPINION AND ORDER

Before the Court is Willis Yazzie's *Pro Se* Petition for Writ of Mandamus (Doc. 1). Also before the Court is his Motion to Proceed *In Forma Pauperis* (Doc. 2). Petitioner asks the Court to compel District Judge James Browning to rule on his Motion for Certificate of Appealability (COA) filed in the criminal case, Doc. 241 in 10-cr-1761 JB. In that Motion, Petitioner sought a COA following Judge Browning's dismissal of his successive § 2255 proceeding. After Petitioner filed this mandamus proceeding, Judge Browning entered an order denying a COA. (Doc. 245 in 10-cr-1761 JB). Petitioner appealed that decision along with the dismissal order, and the matter is pending before the Tenth Circuit. (Docs. 246, 251 in 10-cr-1761 JB).

Pursuant to 28 U.S.C. § 1361, "[t]he district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." However, mandamus relief is an extraordinary remedy. Such a writ will "issue only to compel the performance of a clear nondiscretionary duty." *Pittston Coal Group v. Sebben*, 488 U.S. 105, 121 (1988) (quotations omitted). "To grant mandamus relief, the court must find (1) a clear right in the plaintiff to the relief sought; (2) a plainly defined and preemptory duty on the part of the defendant to do the action

in question; and (3) no other adequate [available] remedy...." *Wilder v. Prokop*, 846 F.2d 613, 620 (10th Cir. 1988).

As noted above, Judge Browning already ruled on the Motion for COA. His Petition for mandamus relief is therefore moot. To the extent Petitioner asks the Court to compel a different result, such request must be denied. A writ of mandamus cannot be used as "a substitute for an appeal." *United States v. Kemp & Assocs., Inc.*, 907 F.3d 1264, 1276 (10th Cir. 2018)

For these reasons, the Court must dismiss the Petition with prejudice. The Court will also grant Petitioner's *in forma pauperis* motion (Doc. 3) and waive any initial partial payment.

**IT IS ORDERED** that the Motion for Leave to Proceed *In Forma Pauperis* (**Doc. 2**) is **GRANTED**; and the initial partial payment is **WAIVED.**

**IT IS FURTHER ORDERED** the Petition for Writ of Mandamus (**Doc. 1**) is **DENIED**.

_____
UNITED STATES DISTRICT JUDGE